## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETSY A. D'EMIDIO, | Civil Action No. __2:22-cv-1176_____ |
| Plaintiff, | |
| v. | |
| EAST ALLEGHENY SCHOOL DISTRICT, | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Betsy A. D'Emidio, by undersigned counsel, files this Complaint, and in support thereof, avers as follows:

### I.   Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1331; 28 U.S.C. §§ 1331 and 1343(a)(4); and 29 U.S.C. §2617(a)(2).

### II.   Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Allegheny County.

### III.   Administrative Exhaustion

3. Plaintiff has satisfied all procedural and administrative requirements set forth in 42 U.S.C. § 2000e-5, as amended, and 42 U.S.C. §12102, *et seq*. in that:

   a. On or about June 16, 2020, Plaintiff timely filed a first charge with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination and cross-filed her claim of sex discrimination with the Pennsylvania Human Relations Commission (PHRC).

      b.      On or about August 13, 2021, Plaintiff timely filed a second charge with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination and retaliation and cross-filed her claims of sex discrimination and retaliation with the Pennsylvania Human Relations Commission (PHRC).

      c.      Plaintiff received a Dismissal and Notice of Rights dated July 15, 2022.

      d.      This case was filed within 90 days of receipt of the Dismissal and Notice of Rights.

      e.      This case was filed more than one year since the date Plaintiff filed her PHRC complaints.

## IV.    Parties

4.    Plaintiff, Betsy A. D'Emidio, is an individual who resides in Washington County, Pennsylvania.

5.    Defendant, East Allegheny School District, has its business office located at 1150 Jacks Run Road, North Versailles, Allegheny County, Pennsylvania 15137.

6.    At all times relevant hereto, Defendant was an "employer" within the meaning of 42 U.S.C. § 2000e(b), in that it is an employer engaged in an industry affecting interstate commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

7.    At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V.    Factual Background

8.    Plaintiff started working for Defendant on July 1, 2015 as Assistant Superintendent and High School Principal, as memorialized by Defendant's School Board

Meeting Minutes dated May 26, 2015, and an employment agreement dated May 26, 2015, attached as Exhibit 1.

9. Plaintiff's employment was for a five-year term, from July 1, 2015 to June 30, 2020.

10. At all times during her employment, Plaintiff worked diligently and exhibited a high level of professionalism and competence.

11. On November 8, 2019, Plaintiff learned that Defendant decided to seek candidates to replace Plaintiff as Assistant Superintendent, with no mention of the High School Principal position.

12. Plaintiff expressed her interest in continuing employment with Defendant on several occasions, including:

   a. on January 8, 2020, when Plaintiff and Defendant's solicitor had a conversation regarding the opening of Plaintiff's position of Assistant Superintendent, Defendant's solicitor asked Plaintiff if she planned to leave Defendant; Plaintiff unequivocally said that she had no intentions of leaving the school district;

   b. on March 16, 2020, when Plaintiff's counsel sent Defendant's solicitor a letter expressing Plaintiff's desire to continue her employment with Defendant and requesting an update on her employment status;

   c. on May 11, 2020, when Plaintiff spoke with Defendant's solicitor who told Plaintiff that Defendant was considering hiring Plaintiff for the position of Federal Programs Coordinator and Grant Writer and Plaintiff expressed interest in the positions.

13. By letter dated May 19, 2020, counsel for Defendant informed counsel for Plaintiff that Defendant decided not to offer Plaintiff any employment, including Plaintiff's remaining position of High School Principal, and that Defendant decided to hire Defendant's Superintendent, a male, for the position of High School Principal that Plaintiff

3

performed.

14. Plaintiff was more qualified than the successful male candidate for the position of High School Principal.

15. Defendant did not provide any reason for its decision to remove Plaintiff from her position of High School Principal.

16. On June 16, 2020, Plaintiff filed her initial Charge of Discrimination with the EEOC alleging Defendant's actions were illegal and discriminatory based on Plaintiff's sex, female.

17. Defendant ended Plaintiff's employment on June 30, 2020 by not renewing Plaintiff's employment contract and/or not offering Plaintiff alternative positions.

18. Defendant terminated Plaintiff's employment despite language in Plaintiff's employment contract that provides for continued employment as follows:

> 7.02 REMOVAL/FAILURE TO RENEW CONTRACT. In the event that the School District removes Ms. D'Emidio from her position as "District Assistant Superintendent" or fails to renew her Contract for this position, Ms. D'Emidio shall be returned to an Act 93 administration position within the District. She will continue to receive the same compensation she did while serving as the Assistant Superintendent. Annual salary increases and benefits following her return to the Act 93 position would mirror those found within the Act 93 Agreement.

19. The following year, in June 2021, the position of High School Principal became open.

20. Plaintiff applied for the open position of High School Principal.

21. By letter dated July 12, 2021, Defendant informed Plaintiff that she was rejected for the open position of High School Principal.

22. Defendant did not provide any reason for its decision.

23. Defendant hired a lesser qualified female, who did not engage in protected activity, for the position of High School Principal.

24. On August 13, 2021 Plaintiff filed a second Charge of Discrimination with the EEOC alleging Defendant's actions were in retaliation for Plaintiff's protected activity of filing a previous EEOC Charge of Discrimination.

## Count I
## Sex Discrimination

25. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 24, as if fully restated herein.

26. Defendant terminated Plaintiff and rejected her for other employment opportunities because of her sex, female, in violation of Title VII of the Civil Rights Act of 1944, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991.

27. As a direct and proximate result of Defendant's illegal retaliation, Plaintiff suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to

    the one which Plaintiff occupied before Defendant's discriminatory conduct began;

c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing, pension benefits and/or retirement benefits until Plaintiff's normal retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count II
### Retaliation

28. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 27, as if fully restated herein.

29. Plaintiff opposed Defendant's employment decisions, which she reasonably and in good faith believed were illegal conduct under federal and state anti-discrimination laws.

30. Plaintiff engaged in protected activity by filing two EEOC Charges of Discrimination.

31. Defendant terminated Plaintiff and replaced her with an individual who did not engage in protected activity.

32. As a direct and proximate result of Defendant's illegal retaliation, Plaintiff suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied before Defendant's discrimination conduct began;

c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing, pension benefits and/or retirement benefits until Plaintiff's normal retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

      h.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III
## PHRA

33. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 32, as if fully restated herein.

34. Defendant's unlawful sex discrimination and retaliation was in violation of the PHRA, 43 Pa. Conns. Stat. Ann. § 955(a) *et seq.*

35. As a direct result of Defendant's discriminatory and retaliatory actions in violation of the PHRA, Plaintiff has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment pursuant to the PHRA, 43 P.S. 621, *et seq.* as follows:

      a.      That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

      b.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied before Defendant's discrimination conduct began;

      c.      That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

      d.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing, pension benefits

    and/or retirement benefits until Plaintiff's normal retirement date;

e.     That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.     That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

g.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

h.     That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## COUNT IV
## Breach of Contract

36.     Plaintiff incorporates by reference the allegations in Paragraphs 1 to 35, as if fully restated herein.

37.     Defendant and Plaintiff entered into an employment agreement, attached as Exhibit 1, which constitutes an enforceable contract under the laws of Pennsylvania.

38.     The language in Section 7.02 of Plaintiff's employment contract is a promise by Defendant to Plaintiff that Defendant would return Plaintiff to an Act 93 administration position should Defendant remove Plaintiff from the position of Assistant Superintendent and failed to renew her employment contract.

39.     Defendant reasonably expected the above language in Section 7.02 of Plaintiff's employment contact would induce Plaintiff to accept employment with Defendant.

40.     Plaintiff reasonably relied on the above language in Section 7.02 of Plaintiff's employment contract when she entered into said contract with Defendant.

41. Plaintiff detrimentally relied on the above language in Section 7.02 of Plaintiff's contract.

42. The promise in the Section 7.02 of Plaintiff's employment contract should be enforced to prevent injustice to Plaintiff.

43. Defendant District's failure to comply with the above terms of this contract constitutes a material breach.

WHEREFORE, Plaintiff demands judgment against Defendant and damages including appropriate back pay and reimbursement for additional lost benefits in an amount to be shown at trial, with prejudgment interest to the maximum extent permitted by law.

Respectfully submitted:

*/s/ Colleen E. Ramage*
Colleen E. Ramage
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Ramage Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 – phone
(412) 325-7755 – fax

Attorneys for Plaintiff